### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAH JAH BEY**<br>**Plaintiff**<br><br>**v.**<br><br>**TRANS UNION, LLC,**<br>**Defendant** | )<br>)<br>)<br>)<br>)<br>)  **Civil Case 15-CV-1300-RCL**<br>)<br>)<br>) |

### <u>ORDER</u>

Upon consideration of defendant's motion to dismiss, ECF No. 5, the opposition, the reply thereto, and the entire record herein, the motion to dismiss is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE.**

The complaint herein alleges that Sprint charged a fee of $403.71 for early termination of plaintiff's wireless phone services, which began in November, 2013, and ended in May, 2014. Plaintiff admits that he received a letter from GC Services Limited Partnership in August, 2014, seeking to collect this fee based on the service agreement plaintiff had with Sprint. Plaintiff disputed this fee with GC Services, and on October 31, 2014, sent a letter to defendant disputing the fee.

Defendant's report of this collection action is not inaccurate unless the debt is invalid. A reasonable reinvestigation conducted by defendant would not have resulted in a determination that the debt was invalid; it would simply confirm the dispute between Sprint (and the collection agency) and plaintiff. Whether plaintiff is obligated to pay the debt is a question for a court to determine in a suit against Sprint, the creditor, and not a job imposed upon the credit reporting

agency by the Fair Credit Reporting Act. *See DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008).

It is so **ORDERED**.

Signed by Royce C. Lamberth, United States District Judge, March 8, 2016.